Thomas A. Saenz (Cal. Bar No. 159430)
Deylin O. Thrift-Viveros (Cal. Bar No. 306873)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
          dthrift-viveros@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARIELA AGUILAR VELAZQUEZ, on behalf of herself and all others similarly situated,<br><br>                     Plaintiff,<br><br>   vs.<br><br>ALLY BANK,<br><br>                     Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA STATE LAW; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1      Plaintiff Mariela Aguilar Velazquez ("Plaintiff" or "Plaintiff Aguilar"), individually and

2   on behalf of all others similarly situated, by her attorneys brings the following allegations, based

3   upon information and belief, against Defendant Ally Bank ("Defendant" or "Ally Bank"):

4                                    **INTRODUCTION**

5      1.      Defendant Ally Bank follows a policy of denying full access to checking and

6   savings accounts, in addition to other banking products and services, to applicants who are not

7   United States citizens or Legal Permanent Residents ("LPRs").

8      2.      Plaintiff Aguilar and members of the Class she seeks to represent were and are

9   unable to access Defendant's financial services without unequal conditions imposed upon them

10  based on their immigration status.  Plaintiff brings this case against Ally Bank for unlawful

11  discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified at

12  42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act, as codified at California

13  Civil Code §§ 51, *et seq*.

14                                **JURISDICTION AND VENUE**

15     3.      This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims

16  under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law

17  claims under 28 U.S.C. § 1367.

18     4.      This Court may issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

19     5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

20  part of the events giving rise to the claims occurred in this district.

21     6.      Intradistrict Assignment: Under E.D. Cal. Local Rule 120(e) and Appendix A,

22  intradistrict assignment to the Sacramento Division is proper because a substantial part of the

23  events giving rise to the claims asserted occurred in Sacramento County.

24                                      **PARTIES**

25  **Plaintiff**

26     7.      Plaintiff Mariela Aguilar Velazquez is a resident of Sacramento, California and

27  has been a recipient of Deferred Action for Childhood Arrivals (DACA) since 2012.  As part of

28                                        - 1 -
                                                          CLASS ACTION COMPLAINT

1  the DACA initiative, Plaintiff Aguilar received authorization to work in the United States and a

2  Social Security Number.  Plaintiff Aguilar resided in Sacramento on the date she applied to open

3  a checking and savings account with Defendant and was unlawfully denied.

4      8.    Plaintiff Aguilar and members of the Class she seeks to represent were subjected

5  to the violations described in this Complaint.

6  **Defendant**

7      9.    Defendant Ally Bank is a direct banking subsidiary of Ally Financial Inc.  Ally

8  Bank is a Utah corporation registered with the California Secretary of State as a foreign

9  corporation qualified to conduct business in the State of California.

10     10.   Defendant maintains a registered office and a business and mailing address at 200

11  West Civic Center Drive, Sandy, Utah, 84070.

12     11.   Ally Bank offers consumers a range of financial and credit products, including

13  retail banking services, investing products, personal loans, auto loan, and home mortgages.

14                    **STATEMENT OF FACTS**

15     12.   This action is brought on behalf of Plaintiff Aguilar and members of the proposed

16  Plaintiff Class.  This class seeks damages, declaratory, and injunctive relief.

17  **Plaintiff Aguilar**

18     13.   Plaintiff Aguilar is a recipient of DACA, and has been since 2012.  Since that

19  time, she has continuously possessed an employment authorization card and Social Security

20  Number.  Plaintiff Aguilar graduated from California State University, Sacramento with a

21  Bachelor of Science degree in business administration in 2015.

22     14.   Plaintiff Aguilar has worked as a civil servant for the State of California since

23  August 2019.  Plaintiff Aguilar works as a customer-employer agent for the California Public

24  Employees' Retirement System ("CalPERS").  In this capacity, she answers questions regarding

25  the CalPERS retirement program and assists state and school employees to enroll in the program.

26     15.   On or around November 2, 2020, Plaintiff Aguilar applied to open a checking and

27  savings account with Ally Bank through its online portal.  Plaintiff Aguilar completed the

28                              - 2 -

application and uploaded her employment authorization card and Social Security Number

obtained under DACA.

16.    On or around November 4, 2020, Plaintiff Aguilar received a phone call from an

Ally Bank representative informing Plaintiff Aguilar that she is ineligible to open a checking and

savings account with Ally Bank because she is not a U.S. citizen or an LPR.  Plaintiff Aguilar

asked the representative whether this denial was allowed by law.  The representative answered

that it is Ally Bank's policy to deny anyone who is not a U.S. citizen or permanent resident.

17.    Afterwards, Plaintiff Aguilar received a letter from Ally Bank, dated November 5,

2020, confirming receipt of her online application.  The letter from Ally Bank stated, in relevant

part: "We can't open Ally Bank accounts for you right now because we're unable to confirm

you're a U.S. citizen or resident alien based on the information you provided.  We only offer

accounts to U.S. citizens and resident aliens."

18.    Defendant's website contains a section specifically for banking services.  This

section includes webpages for opening a checking and/or savings account.  The initial "Open

Account" page on Ally Bank's website indicates that each account owner must provide "A

Social Security or Tax Identification Number."  Additionally, each webpage contains a "Help

Center" section.  On the "Opening an Account FAQs" webpage, one of the questions is "If I'm

not a U.S. citizen, can I still open an account?"[1]  The webpage provides that "To open an account

with Ally Bank or Ally Invest: You have to be a citizen or a legal permanent resident of the

United States . . . We don't open accounts for non-resident aliens."  That same answer further

provides: "For bank accounts, you can use your Social Security number or your Taxpayer

Identification number."

19.    Plaintiff Aguilar suffered harm as a result of Ally Bank's denial of her checking

and savings account application because of her alienage.  Ally Bank's denial of her application

caused Plaintiff Aguilar to suffer emotional distress.

---

[1] https://www.ally.com/help/bank/opening-account.html

20.     Plaintiff Aguilar has never been denied the opportunity to open a checking or savings account at other lending institutions because of her immigration status.  Ally Bank's denial of her application caused Plaintiff Aguilar to feel discriminated against and excluded from the United States.

**<u>Ally Bank's Policies Are Unlawful and Harm Plaintiff</u>**

21.     Ally Bank's refusal to offer Plaintiff an opportunity to open a checking or savings account because of its limited and arbitrary immigration status requirements violates 42 U.S.C. § 1981.

22.     Ally Bank's refusal to offer Plaintiff an opportunity to open a checking or savings account because of her immigration status violates the California Unruh Civil Rights Act.

23.     There is an actual and substantial controversy between Plaintiff and Ally Bank.

## **<u>CLASS ACTION ALLEGATIONS</u>**

24.     Plaintiff Aguilar incorporates by reference the allegations raised in all preceding paragraphs.

25.     Plaintiff Aguilar brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure on behalf of a nationwide class.

26.     Plaintiff Aguilar seeks to represent the following nationwide Class ("National Class"), composed of and defined as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a checking or savings account from Ally Bank but were denied full and equal consideration by Ally Bank on the basis of alienage.

27.     Plaintiff Aguilar additionally brings class allegations on behalf of a California Subclass composed of and defined as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a checking or savings account from Ally Bank but were denied full and equal consideration by Ally bank on the basis of their immigration status.

- 4 -

28.     Plaintiff may amend the above class definitions as permitted or required by this Court.  This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

29.     The potential members of the above National Class and California Subclass as defined are so numerous that joinder is impracticable.

30.     On information and belief, Defendant's records will provide information as to the number and location of the National Class and California Subclass members that will allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

31.     There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff Aguilar or any other individual Class Members.  These common questions of law and fact include, without limitation:

a.     Whether it is Ally Bank's policy to reject applicants for financial products because they are not U.S. citizens or permanent residents;

b.     Whether Ally Bank violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Aguilar and the National Class on the basis of alienage;

c.     Whether Ally Bank violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff Aguilar and the California Subclass on the basis of their immigration statuses;

d.     Whether Plaintiff Aguilar and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e.     Whether Plaintiff Aguilar and the Class Members are entitled to damages and any other available relief.

/ / /

/ / /

CLASS ACTION COMPLAINT

**Rule 23(a)(3) – Typicality**

32.     The claims of the named Plaintiff are typically of the claims of the Class. Plaintiff Aguilar and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

33.     Plaintiff Aguilar will fairly and adequately represent and protect the interests of the Class Members.

34.     Plaintiff Aguilar has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

35.     Class certification is appropriate because Ally Bank has acted and/or refused to act on grounds generally applicable to the National Class and California Subclass.  Ally Bank's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

36.     Ally Bank excludes Class Members in the National Class and California Subclass outright from banking products and services on the basis of alienage and immigration status. The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end Ally Bank's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

37.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

CLASS ACTION COMPLAINT

38.     No other litigation concerning this controversy has been commenced by or against Class Members.

39.     Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.  The Class Members have been damaged and are entitled to recovery of statutory penalties under the Unruh Civil Rights Act and other damages, not including actual damages, because of Ally Bank's discriminatory policies.  Damages are capable of measurement on a class-wide basis.  Plaintiff Aguilar and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable banking policies and practices in the relevant period.

40.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## **FIRST CLAIM FOR RELIEF**
### **Alienage Discrimination**
### **(42 U.S.C. § 1981)**

41.     Plaintiff Aguilar incorporates by reference the allegations raised in all preceding paragraphs.

42.     Plaintiff Aguilar brings this claim on her own behalf and on behalf of the National Class.

43.     Plaintiff and Class Members are persons within the jurisdiction of the United States.

44.     Plaintiff and Class Members are aliens.

- 7 -

45.     Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

46.     Defendant conducts business in the United States and, as such, is obligated to comply with the provisions of 42 U.S.C. § 1981.

47.     Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them the opportunity to open a checking or savings account.

48.     Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for banking products on the basis of alienage.

49.     Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its banking policies and practices to prevent further violations on the basis of alienage.

50.     Plaintiff and Class Members are now suffering, and will continue to suffer, irreparable injury from Ally Bank's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

51.     Plaintiff Aguilar incorporates by reference the allegations raised in all preceding paragraphs.

52.     Plaintiff Aguilar brings this claim on her own behalf and on behalf of the California Subclass.

53.     Plaintiff and class members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

54.     Defendant conducts business within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq.*

55.    Plaintiff and class members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status and no business establishment of any kind whatsoever may refuse to contract with Plaintiff and class members because of or due in part to their immigration status.

56.    Defendant violated the Unruh Civil Rights Act by denying Plaintiff and members of the California Subclass the opportunity to open a checking or savings account free of discriminatory conditions imposed on the basis of their immigration status.

57.    Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorneys' fees.

58.    Under Section 52(c), Plaintiff requests that this Court issue a permanent injunction ordering Defendant to alter its lending policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Aguilar and the Class she seeks to represent pray for relief as follows:

i.    Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

ii.    Designation of Plaintiff Aguilar as the class representative on behalf of the National Class and California Subclass;

iii.    Designation of Plaintiff's counsel of record as Class Counsel;

CLASS ACTION COMPLAINT

iv.   That this Court issue a declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

v.    A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth herein;

vi.   That this Court award statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

vii.  That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law;

viii. For such other and further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.


Dated: December 20, 2021


Respectfully submitted,                         MEXICAN AMERICAN LEGAL DEFENSE
                                                AND EDUCATIONAL FUND

                                                /s/ Deylin O. Thrift-Viveros

                                                Deylin O. Thrift-Viveros
                                                Thomas A. Saenz
                                                MEXICAN AMERICAN LEGAL DEFENSE
                                                AND EDUCATIONAL FUND

                                                *Attorneys for Plaintiff and the Proposed Class*

- 10 -

CLASS ACTION COMPLAINT