Diane L. McGimsey (SBN 234953)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800
mcgimseyd@sullcrom.com

Sharon L. Nelles (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
Lauren M. Goldsmith (SBN 293269)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588
nelless@sullcrom.com
ostragerae@sullcrom.com
goldsmithl@sullcrom.com

*Attorneys for Defendant Ally Bank*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIELA AGUILAR VELAZQUEZ, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>ALLY BANK,<br><br>                                    Defendant. | No. 2:21-cv-2375 MCE DB<br><br>**PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT CONCERNING <u>CONFIRMATORY DISCOVERY</u>** |

WHEREAS, Plaintiff Mariela Aguilar Velazquez, putative Plaintiff Roney Edler Barroso da Silva and Defendant Ally Bank (together, "Stipulating Parties"), through their respective counsel, are engaged in ongoing settlement discussions; and

WHEREAS, in light of those discussions, the Stipulating Parties have agreed that certain information should be voluntarily produced by Defendant as confirmatory discovery solely for the purpose of evaluating a potential settlement of the claims against Defendant and administering any settlement;

WHEREAS, the materials to be produced include confidential and proprietary information that requires protection from disclosure and limitation as to its use; and

WHEREAS, good cause exists for the issuance of a confidentiality order governing the production of the confirmatory discovery;

Therefore, the Stipulating Parties, through undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1.      All information provided during the course of confirmatory discovery in this action shall constitute "Confirmatory Discovery Material" and shall be subject to this stipulated Order.

2.      All Confirmatory Discovery Material exchanged pursuant to this stipulated Order shall be treated as confidential and shall not be disclosed to anyone except (i) counsel in this action, (ii) non-testifying consultants in this action who are bound to preserve the confidentiality of such materials, and (iii) any other persons with the consent of Defendant, or by Court order, subject to the terms of this stipulated Order.

3.      Prior to disclosure of any Confirmatory Discovery Material to any non-testifying consultant referred to in subparagraph 2 above, such person shall be provided by counsel with a copy of this stipulated Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read the stipulated Order and agrees to be bound by its

terms.  Said counsel shall retain each signed Non-Disclosure Agreement and provide a copy to the other party at the time of signature.

4.      All Confirmatory Discovery Material, and any information contained therein or derived therefrom, shall be used only in this action and shall be used solely for purpose of evaluating the settlement value of the claims against Defendant and for administering any settlement.

5.      No Confirmatory Discovery Materials may be filed with the Court or form the basis of any complaint.  Notwithstanding anything to the contrary herein, Confirmatory Discovery Material may be disclosed to the Court *in camera* if necessary to support a proposed settlement or the plan of allocation, and in the event a settlement is reached, information concerning the anticipated class size as reflected in the Confirmatory Discovery Materials may be filed with the Court.

6.      Within the earlier of 15 days after the Stipulating Parties inform the Court that they have been unable to reach a settlement in principle, or 30 days after final approval of a settlement by the Court and all matters relating to the plan of allocation, the settlement and fees and expenses are finally resolved, Plaintiff must return all documents and things designated Confirmatory Discovery Material or destroy such Confirmatory Discovery Material and copies thereof, including all Confirmatory Discovery Material in the hands of other parties as provided for in this stipulated Order, and counsel for Plaintiff shall certify in writing that such Confirmatory Discovery Material has been returned or destroyed.

7.      The Stipulating Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of documents, information or things designated Confirmatory Discovery Material in accordance with the terms of this stipulated Order.

8.      The disclosure of Confirmatory Discovery Material containing attorney-client privileged information, information constituting attorney work product, or information that is otherwise privileged and/or protected from disclosure, whether inadvertent or unintentional shall not

-3-

constitute a waiver of the privilege or protection in this action or any state or federal proceeding. Plaintiff's counsel shall promptly notify Defendant's counsel of the disclosure of any document containing privileged or protected information.  Upon request from Defendant, within five business days, Plaintiff must certify that it has destroyed any document over which privilege or protection is asserted, all copies, and any information derived therefrom, regardless of whether Plaintiff agrees with the assertion of privilege or protection.

9.    This stipulated Order will be effective from the date on which it is signed by counsel for the Stipulating Parties.

10.    Nothing herein prevents either party from requesting discovery outside of the voluntary confirmatory discovery that is the subject of this stipulated Order.  The Stipulating Parties agree to enter into a separate confidentiality agreement and protective order in the event they are unable to reach a settlement.

11.    If any provision in this document cannot be carried out because it is in conflict with the Court's rules and procedures, or federal or California law, that provision will be waived.

Dated:  June 21, 2022                                Respectfully submitted,

                                                     /s/  *Diane L. McGimsey*
                                                     Diane L. McGimsey (SBN 234953)
                                                     SULLIVAN & CROMWELL LLP
                                                     1888 Century Park East
                                                     Los Angeles, California 90067
                                                     Telephone:     (310) 712-6600
                                                     Facsimile:      (310) 712-8800
                                                     mcgimseyd@sullcrom.com

-4-

Sharon L. Nelles (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
Lauren M. Goldsmith (SBN 293269)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:     (212) 558-4000
Facsimile:     (212) 558-3588
nelless@sullcrom.com
ostragerae@sullcrom.com
goldsmithl@sullcrom.com

*Attorneys for Defendant Ally Bank*


/s/  *Deylin O. Thrift-Viveros*
Thomas A. Saenz (SBN159430)
Deylin O. Thrift-Viveros (SBN 306873)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:     (213) 629-2512
Facsimile:     (213)629-0266
tsaenz@maldef.org
dthrift-viveros@maldef.org

*Attorneys for Plaintiff Mariela Aguilar*
*Velazquez, putative Plaintiff Roney Edler*
*Barroso da Silva and the Proposed Class*


# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the

requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: June 27, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

By signing this agreement, I agree to comply with and to be bound by all of the terms of this Protective Order and Confidentiality Agreement.  I solemnly promise that I will not disclose in any manner any document or information that is subject to this Protective Order and Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Protective Order and Confidentiality Agreement.

Printed Name: _____

Signature: _____

Date: _____