Thomas A. Saenz (Cal. Bar No. 159430)
Luis L. Lozada (Cal. Bar No. 344357)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       llozada@maldef.org

*Attorneys for Plaintiffs
and the Proposed Class*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARIELA AGUILAR VELAZQUEZ, an individual, and RONEY EDLER BARROSO DA SILVA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLY BANK,<br><br>Defendant. | Case No.: 2:21-cv-02375-MCE-DB<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA STATE LAW; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Mariela Aguilar Velazquez ("Aguilar") and Roney Edler Barroso da Silva ("Barroso") (together, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys bring the following allegations, based upon information and belief, against Defendant Ally Bank ("Defendant" or "Ally Bank"):

**INTRODUCTION**

1. Defendant Ally Bank follows a policy of denying full access to checking and savings accounts, in addition to other banking products and services, to applicants who are not United States citizens or Lawful Permanent Residents ("LPRs"). Ally Bank similarly denies non-U.S. citizens and non-LPRs from being added to the accounts of their spouses.

2. Plaintiffs and members of the Class they seek to represent were and are unable to access Defendant's financial services without unequal conditions imposed upon them based on their immigration status. Plaintiffs bring this case against Ally Bank for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act, as codified at California Civil Code §§ 51, *et seq*.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiffs' Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff Aguilar's state law claims under 28 U.S.C. § 1367.

4. This Court may issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

6. Intradistrict Assignment: Under E.D. Cal. Local Rule 120(e) and Appendix A, intradistrict assignment to the Sacramento Division is proper because a substantial part of the events giving rise to the claims asserted occurred in Sacramento County.

///

///

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

# PARTIES

**Plaintiffs**

7. Plaintiff Mariela Aguilar Velazquez is a resident of Sacramento, California and has been a recipient of Deferred Action for Childhood Arrivals (DACA) since 2012. As part of the DACA initiative, Plaintiff Aguilar received authorization to work in the United States and a Social Security Number. Plaintiff Aguilar resided in Sacramento on the date she applied to open a checking and savings account with Defendant and was unlawfully denied.

8. Plaintiff Roney Edler Barroso da Silva is a resident of Overland Park, Kansas and has been a K-1 visa recipient since June 2021. Plaintiff Barroso married Kari Johnson in August 2021 and received a Social Security Number. Plaintiff Barroso resided in Overland Park on the date that his wife applied to add him to her existing checking and savings account from Defendant and was unlawfully denied.

9. Plaintiffs and members of the Class they seek to represent were subjected to the violations described in this Complaint.

**Defendant**

10. Defendant Ally Bank is a direct banking subsidiary of Ally Financial Inc. Ally Bank is a Utah corporation registered with the California Secretary of State as a foreign corporation qualified to conduct business in the State of California.

11. Defendant maintains a registered office and a business and mailing address at 200 West Civic Center Drive, Sandy, Utah, 84070.

12. Ally Bank offers consumers a range of financial and credit products, including retail banking services, investing products, personal loans, auto loan, and home mortgages.

## STATEMENT OF FACTS

13. This action is brought on behalf of Plaintiffs and members of the proposed Plaintiff Class. This class seeks damages, declaratory, and injunctive relief.

/ / /

/ / /

**Plaintiff Aguilar**

14. Plaintiff Aguilar is a recipient of DACA, and has been since 2012. Since that time, she has continuously possessed an employment authorization card and Social Security Number. Plaintiff Aguilar graduated from California State University, Sacramento with a Bachelor of Science degree in Business Administration in 2015.

15. Plaintiff Aguilar has worked as a civil servant for the State of California since August 2019. Plaintiff Aguilar works as a customer-employer agent for the California Public Employees' Retirement System ("CalPERS"). In this capacity, she answers questions regarding the CalPERS retirement program and assists state and school employees to enroll in the program.

16. On or around November 2, 2020, Plaintiff Aguilar applied to open a checking and savings account with Ally Bank through its online portal. Plaintiff Aguilar completed the application and uploaded her employment authorization card and Social Security Number she obtained under the DACA initiative.

17. On or around November 4, 2020, Plaintiff Aguilar received a phone call from an Ally Bank representative informing Plaintiff Aguilar that she is ineligible to open a checking and savings account with Ally Bank because she is not a U.S. citizen or an LPR. Plaintiff Aguilar asked the representative whether this denial was allowed by law. The representative answered that it is Ally Bank's policy to deny anyone who is not a U.S. citizen or permanent resident.

18. Afterwards, Plaintiff Aguilar received a letter from Ally Bank, dated November 5, 2020, confirming receipt of her online application. The letter from Ally Bank stated, in relevant part: "We can't open Ally Bank accounts for you right now because we're unable to confirm you're a U.S. citizen or resident alien based on the information you provided. We only offer accounts to U.S. citizens and resident aliens."

19. Defendant's website contains a section specifically for banking services. This section includes webpages for opening a checking and/or savings account. The initial "Open Account" page on Ally Bank's website indicates that each account owner must provide "A Social Security or Tax Identification Number." Additionally, each webpage contains a "Help

Center" section. On the "Opening an Account FAQs" webpage, one of the questions is "If I'm not a U.S. citizen, can I still open an account?"[1] The webpage provides that "To open an account with Ally Bank or Ally Invest: You have to be a citizen or a legal permanent resident of the United States . . . We don't open accounts for non-resident aliens." That same answer further provides: "For bank accounts, you can use your Social Security number or your Taxpayer Identification number."

20. Plaintiff Aguilar suffered harm as a result of Ally Bank's denial of her checking and savings account application because of her alienage. Ally Bank's denial of her application caused Plaintiff Aguilar to suffer emotional distress.

21. Plaintiff Aguilar has never been denied the opportunity to open a checking or savings account at other lending institutions because of her immigration status. Ally Bank's denial of her application caused Plaintiff Aguilar to feel discriminated against and excluded from the United States.

**Plaintiff Barroso**

22. Plaintiff Barroso is a recipient of a K-1 visa, and has been since June 2021. In August 2021, he married Kari Johnson, an American citizen. Since that time, he has continuously possessed a Social Security Number.

23. Plaintiff Barroso worked as a jujutsu instructor in Brazil before immigrating to the United States. Plaintiff Barroso intends to open a jujutsu studio in Overland Park, Kansas once he obtains permanent residency.

24. Kari Johnson met Plaintiff Barroso at a jujutsu camp in Brazil. Kari is a piano teacher with a degree in music from the University of Missouri – Kansas City. Following her marriage with Plaintiff Barroso in August 2021, Kari submitted an adjustment for status application for her husband in September 2021.

---

[1] https://www.ally.com/help/bank/opening-account.html

FIRST AMENDED CLASS ACTION COMPLAINT

25. In or around September 2021, Kari applied to add her husband to her checking and savings account with Ally Bank through its online portal. Kari has been a customer of Ally Bank for over ten years and uploaded her husband's USCIS form I-797 Notice of Action and Social Security Number obtained under the K-1 visa program. Some days later, Ally Bank sent a secure message directing Kari to call its customer service line. The Ally Bank representative informed Kari that her husband's documents were insufficient and denied her request to add her husband to her existing account.

26. In or around February 2022, Plaintiff Barroso received his Real ID-based Kansas driver's license. On or around February 28, 2022, Kari attempted again to add her husband to her checking and savings account with Ally Bank through its online portal. Kari uploaded her husband's USCIS form I-797 Notice of Action, Social Security Number, and driver's license.

27. On or around March 14, 2022, Ally Bank sent a secure message to Kari directing her to call Ally Bank. The Ally Bank representative informed Kari that her husband is ineligible to be added to her existing checking and savings account with Ally Bank because her husband is not a U.S. citizen or an LPR. The Ally Bank representative told Kari that her husband's documents were insufficient and that he needed to upload a "Green Card" (officially known as a Permanent Resident Card) in order to be added to her checking and savings account.

28. On or around April 6, 2022, Plaintiff Barroso had his adjustment of status interview in order to receive permanent residency. United States Citizenship and Immigration Services ("USCIS") requested additional information, such as bank accounts, to process Plaintiff Barroso's application. Ironically, USCIS asked Plaintiff Barroso why he didn't share a bank account with his wife. Plaintiff Barroso had to explain that he was denied this ability by Ally Bank's policies. USCIS is currently processing Plaintiff Barroso's application.

29. Plaintiff Barroso suffered harm as a result of Ally Bank's denial of being added to his wife's checking and savings account because of his alienage. Ally Bank's denial of his application caused Plaintiff Barroso to suffer emotional distress.

**Ally Bank's Policies Are Unlawful and Harmed Plaintiffs**

30. Ally Bank's denial of Plaintiffs' applications to open or be added to a checking and savings account because of its limited and arbitrary immigration status requirements is a violation of 42 U.S.C. § 1981.

31. Ally Bank's denial of Plaintiff Aguilar's application to open or be added to a checking and savings account because of her immigration status is a violation of California Unruh Civil Rights Act.

32. There is an actual and substantial controversy between Plaintiffs and Ally Bank.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs incorporate by reference the allegations raised in all preceding paragraphs.

34. Plaintiffs bring this action on behalf of themselves and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure on behalf of a nationwide class.

35. Plaintiffs seek to represent the following nationwide Class ("National Class"), composed of and defined as follows:

> All persons who applied for a checking or savings account with Ally Bank between December 20, 2017 and the date of the Preliminary Approval Order, resided in the United States but outside of California, possessed a valid Social Security Number or Individual Taxpayer Identification Number at the time of the application, and were not permitted to open or be added to an Ally Bank checking or savings accounts because they were not U.S. permanent residents.

36. Plaintiff Aguilar additionally brings class allegations on behalf of a California Subclass composed of and defined as follows:

> All persons who applied for a checking or saving account with Ally Bank between December 20, 2019 and the date of the Preliminary Approval Order, resided in California at the time of the application, possessed a valid Social Security Number or Individual Taxpayer Identification Number at the time of the application, and were not permitted to open or be added to an Ally Bank checking or savings account because they were not U.S. permanent residents.

37. Plaintiffs may amend the above class definitions as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

38. The potential members of the above National Class and California Subclass as defined are so numerous that joinder is impracticable.

39. On information and belief, Defendant's records will provide information as to the number and location of the National Class and California Subclass members that will allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

40. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiffs or any other individual Class Members. These common questions of law and fact include, without limitation:

a. Whether it is Ally Bank's policy to reject applicants for financial products because they are not U.S. citizens or permanent residents;

b. Whether Ally Bank violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiffs and the National Class on the basis of alienage;

c. Whether Ally Bank violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff Aguilar and the California Subclass on the basis of their immigration statuses;

d. Whether Plaintiffs and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

e. Whether Plaintiffs and the Class Members are entitled to damages and any other available relief.

/ / /

/ / /

- 7 -
FIRST AMENDED CLASS ACTION COMPLAINT

**Rule 23(a)(3) – Typicality**

41. The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs, and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

42. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

43. Plaintiffs has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

44. Class certification is appropriate because Ally Bank has acted and/or refused to act on grounds generally applicable to the National Class and California Subclass. Ally Bank's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiffs and the Class Members as a whole.

45. Ally Bank excludes Class Members in the National Class and California Subclass outright from banking products and services on the basis of alienage and immigration status. The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end Ally Bank's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

46. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

47. No other litigation concerning this controversy has been commenced by or against Class Members.

48. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case. The Class Members have been damaged and are entitled to recovery of statutory penalties under the Unruh Civil Rights Act and other damages, not including actual damages, because of Ally Bank's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiffs and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable banking policies and practices in the relevant period.

49. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## FIRST CLAIM FOR RELIEF
### Alienage Discrimination
### (42 U.S.C. § 1981)

50. Plaintiffs incorporate by reference the allegations raised in all preceding paragraphs.

51. Plaintiffs bring this claim on their own behalf and on behalf of the National Class.

52. Plaintiffs and Class Members are persons within the jurisdiction of the United States.

53. Plaintiffs and Class Members are aliens.

54. Plaintiffs and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

55. Defendant conducts business in the United States and, as such, is obligated to comply with the provisions of 42 U.S.C. § 1981.

56. Defendant intentionally discriminated against Plaintiffs and members of the Class on the basis of alienage by denying them the opportunity to open or be added to a checking or savings account.

57. Defendant intentionally discriminated against Plaintiffs and members of the Class by interfering with their right to make and enforce contracts for banking products on the basis of alienage.

58. Plaintiffs and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein. Plaintiffs and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its banking policies and practices to prevent further violations on the basis of alienage.

59. Plaintiffs and Class Members are now suffering, and will continue to suffer, irreparable injury from Ally Bank's discriminatory acts and omissions.

## SECOND CLAIM FOR RELIEF
### Violation of the Unruh Civil Rights Act
### (California Civil Code §§ 51, *et seq.*)

60. Plaintiff Aguilar incorporates by reference the allegations raised in all preceding paragraphs.

61. Plaintiff Aguilar brings this claim on her own behalf and on behalf of the California Subclass.

62. Plaintiff Aguilar and class members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

63. Defendant conducts business within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq*.

64. Plaintiff Aguilar and class members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff Aguilar and class members because of or due in part to their immigration status.

65. Defendant violated the Unruh Civil Rights Act by denying Plaintiff Aguilar and members of the California Subclass the opportunity to contract and open or be added to a checking or savings account free of discriminatory conditions on the basis of their immigration status.

66. Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff Aguilar and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorneys' fees.

67. Under Section 52(c), Plaintiff Aguilar requests that this Court issue a permanent injunction ordering Defendant to alter its lending policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Class they seek to represent pray for relief as follows:

i. Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

ii. Designation of Plaintiffs as class representatives on behalf of the National Class and California Subclass;

iii. Designation of Plaintiffs' counsel of record as Class Counsel;

iv. That this Court issue a declaratory judgment that Defendant's policies and practices complained of are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in

concert with them, from engaging in each of the unlawful policies and practices set forth herein;

vi. That this Court award statutory and compensatory damages to Plaintiffs and the Class Members in an amount to be determined at trial;

vii. That this court award to Plaintiffs and Class Members reasonable attorneys' fees and costs to the extent allowable by law;

viii. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of these claims by jury to the extent authorized by law.

Dated: April 28, 2023

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

/s/ Luis L. Lozada

Luis L. Lozada
Thomas A. Saenz
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiffs and the Proposed Classes*