Thomas A. Saenz (Cal. Bar No. 159430)
Luis L. Lozada (Cal. Bar No. 344357)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:  tsaenz@maldef.org
           llozada@maldef.org

*Attorneys for Plaintiffs*
*and the Proposed Class*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARIELA AGUILAR VELAZQUEZ, an individual, and RONEY EDLER BARROSO DA SILVA, an individual, on behalf of themselves and all others similarly situated,<br><br>                                 Plaintiffs,<br><br>       vs.<br><br>ALLY BANK,<br><br>                                 Defendant. | Case No.: 2:21-cv-02375-MCE-DB<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Morrison C. England, Jr.<br>Hearing Date: October 19, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom: 7, 14th floor |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing based on the Order of this Court dated May 26, 2023 [dkt. 47], on the application of Plaintiffs for approval of the Settlement set forth in the Amended Settlement Agreement dated April 28, 2023 (the "Agreement") [dkt. 46-1].  On May 26, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Mariela Aguilar Velazquez and Roney Edler Barroso da Silva (together, the "Class Representatives"), individually and as class representatives on behalf of the Class, and Defendant Ally Bank (collectively, the "Parties").  This Court also preliminarily certified the Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on October 19, 2023.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's preliminary approval order [dkt. 47].

The Court has reviewed the papers filed in support of the Unopposed Motion for Final Approval, including the Agreement and attached exhibits, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations.

On October 19, 2023, this Court held a Final Approval Hearing to consider:  (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and costs to Class Counsel; and (4) any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, the Court has determined that the Agreement is fair, adequate, and reasonable, and in the best interest of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     **Definitions.**   This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined here, shall have the same meanings as in the Agreement.

2.     **Jurisdiction and Venue.**  This Court has jurisdiction over the subject-matter of the Action and over all parties to the Action, including all members of the Class, and venue in this Court is proper.

3.     **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4.     **Settlement Class.**   Under Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, with the Class defined as to the collective group of all persons making up the California Class and the National Class, defined as follows:

- "California Class" means those persons who applied for a checking or savings account with Ally between December 20, 2019 and May 26, 2023, resided in California at the time of the application, possessed a valid Social Security Number or Individual Taxpayer Identification Number at the time of the application, and were not permitted to open or be added to an Ally checking or savings account because they were not U.S. permanent residents.

- "National Class" means those persons who applied for a checking or savings account with Ally between December 20, 2017 and May 26, 2023, resided in the U.S. but outside of California possessed a valid SSN or ITIN at the time of the application, and were not permitted to open or be added to an Ally checking or savings account because they were not U.S. permanent residents.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class

- 2 -

Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel**. The Court confirms the prior appointments of Plaintiffs Mariela Aguilar Velazquez and Roney Edler Barroso da Silva as Class Representatives for the California Class and the National Class, and the counsel of record representing the Class Representatives in the Action as Class Counsel.

6. **Settlement Approval.** Under Federal Rule of Civil Procedure 23, this Court approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith, arms-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is finally approved in all respects, there is no just reason for delay, and the Parties are directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed under Paragraph 22 of this Order.

8. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1-1.53 relating to are expressly incorporated here in all respects and made effective by operation of this Judgment. The Court approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown claims. The Releasors shall

- 3 -

be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

9.      **Permanent Injunction.**  The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Classes, in a separate class for purposes of pursing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10.     **Approval of Class Notice.**  The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for  Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Classes who could be identified through reasonable effort.  The Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth here, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

- 4 -

11. **Attorneys' Fees and Costs.** Plaintiffs and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $60,000. The Court has considered this application separately from Plaintiffs' Unopposed Motion for Final Approval. The Court finds that an award of $60,000 in attorneys' fees and costs is fair and reasonable, and the Court approves of Class Counsel attorneys' fees and costs in this amount.

12. **Class Representative Incentive Awards.** The Court further finds that incentive awards for Plaintiffs Mariela Aguilar Velazquez and Roney Edler Barroso da Silva in the amount of $3,000 each is fair and reasonable, and the Court approves of the incentive awards in this amount. The Court directs the Settlement Administrator to disburse this award to Plaintiffs Aguilar and Barroso as provided in the Agreement.

13. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Ally Bank. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

**FINAL JUDGMENT AND ORDER**
**OF DISMISSAL WITH PREJUDICE**                    CASE NO. 2:21-CV-02375-MCE-DB

15. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Classes shall be automatically vacated, and this Judgment shall be rendered null and void (except paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection with shall be null and void to the extent provided by and in accordance with the Agreement.

16. **Implementation of the Agreement.** The Parties are authorized to implement the terms of the Agreement.

17. **Claim Review and Deficiency Process.** The Settlement Administrator shall validate each Claim Form and additional documentation, if requested, as directed in Section 5 of the Agreement. Full compliance with the requirements of the terms of the Agreement and the Claim Form shall be necessary for the submission of a Verified Claim. The Settlement Administrator shall have the authority to determine whether the submission of a Claim Form is complete and timely. The Settlement Administrator's determinations in this regard shall be final and non-appealable. Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that Claim but shall in all other respects be bound by the terms of the Agreement and by this Order.

18. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

19. **Class Action Fairness Act (CAFA) Notice.** Ally Bank has provided notification through the settlement administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

- 6 -

20.     **Class Notice List.**  No later than thirty (30) days after the Effective Date (as defined in the Agreement under Section 7.6), the Settlement Administrator shall file with this Court, under seal based on the Protective Order entered in this litigation (in order to protect the names, addresses, and other personal information of Class Members), a list of the names and addresses of all Members of  the Class to whom the Class Notice was sent.

21.     **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed.

22.     **Action Closed.**  In sum, Plaintiffs' unopposed Motion for Final Approval of Class Settlement (ECF No. 52) and Motion for Attorney Fees, Costs, and Service Awards (ECF No. 48) are each GRANTED.  The Clerk of the Court is directed to close the Action.

IT IS SO ORDERED.

Dated:  October 19, 2023

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

- 7 -

**FINAL JUDGMENT AND ORDER**
**OF DISMISSAL WITH PREJUDICE**                                              CASE NO. 2:21-CV-02375-MCE-DB